UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BETTIN' ON BLUE FARMS, LLC,

    Plaintiff,

v.                                     CASE NO. 8:18-cv-755-T-23JSS

DOLE BERRY COMPANY,

    Defendant.

_____/

## **ORDER**

Two years after signing an agreement in which Bettin' on Blue Farms agreed to harvest and pack blueberries and in which Dole Berry Company agreed to "endeavor to obtain the best market price available" for the blueberries, Bettin' on Blue Farms sues (Doc. 1) Dole for breach of contract, conversion, unjust enrichment, and negligent misrepresentation and for "unfair conduct" under 7 U.S.C. § 499(b)(4). Dole allegedly sold Bettin' on Blue Farms' blueberries in 2016 for less than the market price. Bettin' on Blue Farms requests a declaration that several provisions in the parties' agreement are invalid, and Dole moves (Doc. 9) to compel arbitration under the Federal Arbitration Act. The parties argued the motion at an August 10, 2018 hearing.

**DISCUSSION**

## I. Arbitrability

The parties agreed to arbitrate "any claim, dispute, or difference" "in connection with" the agreement. (Doc. 1-1 at 9) Resisting arbitration, Bettin' on Blue Farms argues that three purportedly invalid or unenforceable provisions (but not the arbitration provision) preclude arbitration.[1] But the parties included in the agreement two provisions that delegate to the arbitrator the power to resolve a dispute about arbitrability. First, the parties agreed to an arbitrator's deciding "any claim, dispute, or difference" in connection with the agreement, and a dispute about arbitrability is a dispute in connection with the agreement. Second, the parties agreed that a dispute "shall be submitted to arbitration in accordance with the Commercial Rules of the" AAA. *Terminix Intern. Co., LP v. Palmer Ranch Ltd. P'ship*, 432 F.3d 1327, 1332–33 (11th Cir. 2005), holds that an indistinguishable provision evinces a "clear and unmistakable" intent that the arbitrator decide an arbitrability dispute. Directing the parties to arbitration and adopting the rules of the AAA, the "delegation" provisions compel granting the motion to compel arbitration of every dispute, including a "gateway" dispute.[2] *See, e.g.*, *Prima Paint Corp. v. Flood & Conklin*

---

[1] Bettin' on Blue Farms attacks as invalid the prohibition on punitive damages, the limitation on the attorney's fee recoverable by the prevailing party, and the purported limitation on the time within which to sue.

[2] Bettin' on Blue Farms submits a convoluted argument that another provision, which prohibits the arbitrator's adding to or "otherwise amend[ing]" the agreement, precludes the arbitrator's resolving Bettin' on Blue Farms' arguments about the three purportedly invalid or unenforceable provisions. The argument lacks merit for at least two reasons. First, an arbitrator's

(continued...)

*Mfg. Co.*, 388 U.S. 395 (1967) (affirming compelled arbitration because the appellant submitted no challenge to the specific arbitration provision); *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 70–71 (2010) (holding that "a party's challenge to another provision of the contract, or to the contract as a whole, does not prevent a court from enforcing a specific agreement to arbitrate"). Because the parties agreed that the arbitrator must resolve a dispute, which includes a dispute about arbitrability, the motion to compel arbitration warrants granting.

## 2. Arbitral filing fee

Finally, Bettin' on Blue Farms cites *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79 (2000), and requests that Dole pay the arbitral filing fee, which Bettin' on Blue Farms states "could be in excess of $14,700." (Doc. 10 at 17) But Bettin' on Blue Farms cites no contractual or statutory provision that obligates Dole to pay the arbitral filing fee for Bettin' on Blue Farms. Although *Green Tree Fin. Corp.-Alabama*, 531 U.S. at 90–91, states that the "existence of large arbitration costs" might in some circumstance render an arbitration agreement unenforceable,[3] Bettin' on Blue Farms

---

[2](...continued)
refusal to apply an invalid or unlawful provision is not equivalent to the arbitrator's "amend[ing]" the agreement. Rather than prohibit severance, the provision cited by Bettin' on Blue Farms appears to prohibit reformation or some other excursion outside the contract by the arbitrator. Second, the parties agreed unambiguously to the severability of an invalid provision (Doc. 1-1 at ¶ 14(d)) and to the application of Florida law. If the arbitrator finds a provision invalid under Florida law and refuses to apply the provision, the arbitrator has not "amended" the agreement. On the contrary, the arbitrator has applied Florida law and the severability provision, a result consistent with the agreement.

[3] *Green Tree* suggests discomfort that an arbitral filing fee might prevent a person "such as Randolph" from attempting to secure relief. Bettin' on Blue Farms is not a consumer like the plaintiff in *Green Tree* ; Bettin' on Blue Farms is a commercial farm.

disclaims arguing that the arbitral filing fee renders the arbitration agreement unenforceable. (Doc. 10 at 18 n.3) In any event, an argument that an unaffordable filing fee precludes arbitration succeeds only if supported by evidence that the party resisting arbitration cannot afford the fee. *Musnick v. King Motor Co. of Ft. Lauderdale*, 325 F.3d 1255, 1260 (11th Cir. 2003). The argument in Bettin' on Blue Farms' unsworn response is not evidence, and Bettin' on Blue Farms submits no affidavit, declaration, account statement, or other evidence to show that the arbitral filing fee is prohibitively expensive for Bettin' on Blue Farms. Even if Bettin' on Blue Farms submits evidence to support its argument, Bettin' on Blue Farms' argument cannot succeed because Rule 53 of the AAA's Commercial Rules authorizes the AAA to defer or to reduce the arbitral filing fee "in the event of extreme hardship on the part of any party." *See Anders v. Hometown Mortg. Serv., Inc.*, 346 F.3d 1024, 1028 (11th Cir. 2003) (suggesting that the AAA rule forecloses an argument against arbitration based on a party's inability to pay the AAA filing fee).

## CONCLUSION

The motion (Doc. 9) to compel arbitration is **GRANTED**, and the action is stayed pending an arbitral decision. No later than thirty days after the decision, the parties either must stipulate to the dismissal of this action or must move to confirm or to vacate the award. The motion (Doc. 11) for leave to reply is **DENIED**, and the motion (Doc. 15) to "strike" Dole's notice of supplemental authority is **DENIED**.

Bettin' on Blue Farms' request (Doc. 10 at 17) that Dole pay the arbitral filing fee is **DENIED**, and the clerk is directed to **ADMINISTRATIVELY CLOSE** the case.

ORDERED in Tampa, Florida, on August 14, 2018.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE